IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ELLIE STEWART,  Plaintiff, v.  BAC HOME LOANS SERVICING, LP, DEUTSCHE BANK NATIONAL TRUST CO., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,  Defendants. | Case No. 10 C 2033  Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ellie Stewart, ("Stewart") sued defendants BAC Home Loans Servicing ("BAC"), Deutsche Bank National Trust Company ("Deutsche Bank") and Mortgage Electronic Registration Systems ("MERS") (together, "Defendants") alleging violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z"), and demanding rescission of the mortgage on her residence. Only Stewart's claims for rescission (against all Defendants) and failure to honor her request for rescission (against Deutsche Bank and BAC) remain. (*See* Doc. 32.) Stewart now moves to strike all four of Defendants' affirmative defenses as insufficient as a matter of law.

I.  **BACKGROUND**

A.  **Stewart's Allegations**

Stewart owns her residence in Chicago, Illinois. (Compl. ¶ 4.) On October 24, 2006, Stewart refinanced her mortgage on the residence through Home 123 Corporation ("Home 123"). (Compl. ¶¶ 5-8, 10.) Home 123 filed for Chapter 11 bankruptcy in April 2007 and Deutsche Bank is the

current assignee of the loan. (Compl. ¶¶ 5, 8, 21.) BAC services the loan and MERS is the nominee. (Compl. ¶¶ 7-9; Ex. C.) This case stems from a dispute concerning the documentation provided at the closing of Stewart's refinance in 2006. Stewart alleges that Home 123 committed two TILA violations concerning those documents. First, she claims that Home 123 did not provide her with two copies of the Notice of Right to Cancel ("NORTC") as required by TILA. (Compl. ¶¶ 19-20.) Second, she claims that Home 123 provided a Truth in Lending Disclosure Statement ("TILDS") that was incomplete because it did not include the timing of the required loan payments as required by the TILA. (Compl. ¶¶ 17-18.)

On October 14, 2009, Stewart's attorneys sent a letter entitled "Notice of Rescission and Lien" to Home 123 and BAC, informing them that Stewart wanted to cancel the loan for failure to provide the NORTC and a complete TILDS. (Compl. ¶ 23; Doc. 23-1.) A few months later, BAC sent a letter to Stewart denying her claim for rescission. (*See* Doc. 23-2.) BAC asserted that Stewart's right to rescind had expired and attached copies of the NORTC and TILDS purportedly signed by Stewart and dated October 24, 2006. (*Id.*)

On March 10, 2011, the Court dismissed Stewart's claims for damages for failing to give her two copies of the NORTC and a proper TILDS as untimely. (*See* Doc. 32.) The Court found that Stewart's claim for rescission based on those documentation failures, on the other hand, was timely. The Court also allowed Stewart to proceed on her failure to honor rescission claim.

B. **Defendants' Affirmative Defenses**

Defendants responded to Stewart's Complaint with four affirmative defenses. (*See* Doc. 38.) The first asserts that Stewart's claims are untimely and barred by the doctrines of waiver, estoppel or laches. The second claims Stewart is not entitled to rescission because she acknowledged in

2

writing that she received two copies of the NORTC. Third, according to Defendants, Stewart is not entitled to rescission because, from the face of the complaint, she is unwilling to give up her house or tender the amount remaining on the loan if rescission is granted. Finally, Defendants claim that they are not liable for Stewart's damages because Home 123 made the disclosures, not Defendants, and accordingly Defendants did not proximately cause Stewart's damages.

## II.  STANDARD OF REVIEW

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A Rule 12(f) motion to strike "is the appropriate remedy for the elimination of impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp*., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991).

Motions to strike are generally disfavored because they are often intended to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *U.S. v. 416 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). Accordingly, courts are typically reluctant to decide disputed or substantial issues of law on a motion to strike. *Van Schouwen*, 782 F. Supp. at 1245. A motion to strike will be granted "if the affirmative defenses are insufficient as a matter of law or present no questions of law or fact," *Heller*, 883 F.2d at 1294, but denied "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings." *416 Acres*, 514 F.2d at 631.

## III.  DISCUSSION

The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid

the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The TILA requires creditors to make "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrowe"'s rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). If the creditor fails to make the required disclosures, a debtor can sue for damages and, in certain instances, can demand rescission of the mortgage. *Id*. If the creditor does not take steps to rescind the mortgage within twenty days of being notified of a request for rescission, the borrower can bring suit in federal court to enforce that right. *See* 15 U.S.C. § 1635(b).

> A. **Waiver, Estoppel and Laches and Proximate Cause**

Defendants' first affirmative defense alleges that Stewart's claims are "untimely and barred by the doctrines of waiver, estoppel and/or laches." (Doc. 38 at 11.) According to Defendants, Stewart's damages were "exacerbated" because she failed to rescind the mortgage until nearly three years after the alleged TILA violations occurred, and between her refinance and her recession letter, Home 123 filed for bankruptcy, eliminating the "party most responsible."

As an initial matter, the Court already ruled that Stewart's claim for rescission, as plead, was timely. (*See* Doc. 32.) Stewart's motion to strike as to untimeliness is granted. Stewart's argument that Defendants cannot assert the defenses of waiver, estoppel or laches at this point in the proceedings, however, is not persuasive. Rescission is not the sole form of relief sought by Stewart: she also seeks damages for Deutsche Bank and BAC's failure to honor her rescission. *See* 15 U.S.C. § 1640(a) (allowing actual or statutory damages for TILA violations, including a failure to honor rescission). It is possible at this stage in the proceedings, based on the facts alleged by Defendants,

4

that Stewart's actual damages could be affected by her decision to wait to assert her rescission claim. Accordingly, the Court will not strike Defendants' first affirmative defense in its entirety.

For the same reason, Defendants fourth affirmative defense regarding proximate cause stands. Defendants assert in that defense that to the extent Stewart was harmed, it was Home 123's fault as the originator of the loan, not theirs. Though Stewart may seek rescission of her loan against assignees, *see* 15 U.S.C. § 1641(c), she may also seek actual damages as detailed above. At this point, Defendants are free to argue that their actions were not the proximate cause of those damages.

### B. Disclosure Error Not Apparent on Notice

Defendants' second affirmative defense alleges that Stewart is not entitled to rescission, statutory damages, or actual damages because the alleged disclosure error was not apparent on the face of the NORTC. Defendants claim that a notice of acknowledgment of receipt of two copies of the NORTC, signed by Stewart, was included in the file they received from Home 123 upon assignment of the loan. Consequently, Deutsche Bank contends that, as the assignee of the loan, it is not liable for alleged disclosure violations that do not appear on the face of the disclosure.

Because they did not originate the loan and provide the documentation at closing, assignees like Deutsche Bank are only liable for violations under TILA if the violation "is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Under TILA, a written acknowledgment that the debtor received the proper number of copies of the NORTC creates a rebuttable presumption that Stewart received the documents. 15 U.S.C. § 1635(c); *see Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1129 (N.D. Ill. 2004) (written acknowledgment of receipt of NORTC signed by plaintiff created a rebuttable presumption that plaintiff received the proper documentation and formed a genuine issue of fact for trial). At this point, Defendants have alleged enough to assert their defense

that Stewart received the proper number of copies of the NORTC and that, as a result, Stewart may not be able to obtain statutory damages or actual damages for her claim concerning the NORTC.[1] The Court will not strike Defendants' second affirmative defense.

### C. Willingness to Return Property or Pay Off Loan

Defendants' third affirmative defense alleges that Stewart's claims are barred because she has "neither alleged a willingness to return the property at issue nor the tender amount that would be owed if the Court were to order rescission of the mortgage loan." Defendants claim that if Stewart is unable or unwilling to tender the amount owed (or the home) if rescission is granted, she will receive a windfall.

Of course, Stewart would be unjustly enriched if the Court orders her mortgage to be rescinded without requiring her to pay back the money she was loaned. The point of rescission is to return the parties to their respective positions before the loan. *See e.g., Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765-66 (7th Cir. 2006) ("the right to rescission encompasses a right to return to the status quo that existed before the loan.") (internal citation omitted). Defendants' brief suggests that the affirmative defense concerns the mechanics of how the rescission would occur; specifically, whether Stewart would have to tender the remaining loan balance prior to, and as a condition of, Court ordering rescission. Section 1635(b) of TILA requires the creditor to rescind the loan before tender is made, "except when otherwise ordered by a court." 15 U.S.C. § 1635(b). Similarly, Regulation Z requires the creditor to rescind before the obligor is required to tender, unless "modified by court order." 12 C.F.R. § 226.23(d). The Seventh Circuit has not addressed whether

---

[1] As Plaintiff points out, this defense does not implicate Stewart's claim rescission claim based on the alleged failure to provide a proper TILDS.

6

it is necessary for a borrower to show her ability to tender the balance before rescission will be granted, and courts in this District are divided on the issue. *Compare AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881, 881 (N.D. Ill. 2001) ("a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made") *and Personius v. HomeAmerican Credit, Inc.*, 234 F. Supp. 2d 817, 819 (N.D. Ill. 2002) ("there is no absolute prohibition against conditioning rescissions on some act by the borrower") *with Velasquez v. HomeAmerican Credit, Inc.*, 245 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003) (holding that TILA and Regulation Z "are explicit that the consumer need not return money or property to the creditor until after the creditor has fulfilled its obligations under the statute") *and Tulumbuta v. Wilmington Fin., Inc.*, Case No. 09-c-4123, 2010 WL 6738070, at * (N.D. Ill. June 24, 2010) ("those authorities suggest that a requirement that the homeowners allege that they are willing and able to tender is erroneous"). Because this case is in the midst of discovery and the Court has not ordered Stewart's loan to be rescinded, the Court does not need to decide the tender issue on Stewart's motion to strike. *See id.* (noting "[w]here the consumer's right to rescind is contested by the creditor, a court would normally determine whether the consumer has a right to rescind and determine the amounts owed before establishing the procedures for the parties to tender and money or property."); *Van Schouwen*, 782 F. Supp. at 1245. Accordingly, the Court will not strike this defense.

## IV. CONCLUSION

For the foregoing reasons, Stewart's motion to strike is granted as to Defendants' untimeliness motion only. It is otherwise denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 10, 2011